Caruthers, J.,
delivered the opinion of the Court.
On the 2d of November, 1857, a warrant was issued by E. N. Coffee, a justice of the peace for Overton county, in favor of S. D. Morgan & Co. against Windle & Keeton.
On the next day they acknowledged service, and agreed in writing that judgment might be entered against, them by the justice for $856.74. The justice accepted the confession in *353 the law office of Attorney Swope, in Livingston, the county seat of Overton. This was some fourteen miles from his residence, at which he ordinarily transacted his official business, and kept his docket and other papers. But he received these papers and accepted the confession in this case as aforesaid, hut did not enter the judgment until he returned home. As the parties stepped out of the office of Mr. Swope upon the pavement, they met Coleman, who, upon application of the defendants, and after some persuasion by them, consented to become their stayor, and was accepted by the justice, who entered his name as such upon his docket, on his return home, at the same time he entered the judgment by confession.
An execution having been issued in this case against the defendants, and the stayor, Coleman, upon whose property it was levied, as there was not sufficient property of the defendants to satisfy it, he obtained this supersedeas upon the ground that he was not legally bound under the circumstances stated. The Court being of that opinion quashed the execution. The case was submitted to a jury upon certain issues, and the Court instructed them that the stayor was not bound, because the confession of judgment and acceptance of the stay was not at the office of the justice, and could not be binding and valid at any other place.
The case of Hinnegan & Knox v. Jessee Mee, 4 Sneed, 85, is relied upon by both parties in the argument. In that case it was held that the presence of the stayor before the justice at the time his name was entered was not necessary to bind him, but that it was only required that he should acknowledge himself as security for the stay of execution, in the presence of the justice, at his office, and be accepted by him, though it were subsequently, and after he had left, entered by the justice upon his docket. This was certainly right, and is not_now controverted; but it is contended that was not done, in this case, at the office of the magistrate, but a number of miles from it. There is a certain place fixed by law for the Courts to transact business, but none for justices of the peace, except that it must be at some place within their county. It *354 is said by bis Honor in this case, and so argued here, that the office of a magistrate is his ordinary place of doing business, and where his papers are kept. That may be so in common acceptation, but certainly it is not exclusively so in regard to his powers and the validity of his acts. He can and does perform official binding acts wherever he may be, in his county. He is an officer for the whole county, although elected by and located in a particular civil district.
Nothing more, then, is intended when it is said that the agreement to become stayor must be made before him at his office, than that it must be at the ¡olace where he performs the official act of rendering or accepting the confession of the judgment which is to be stayed. That is his office for that purpose and occasion, as much as is his ordinary place of doing business. The legal effect of his acts, and the undertakings of others before him, are as binding at the one place as the other.
The judgment of the Circuit Court will, therefore, be reversed, the supersedeas discharged, and judgment rendered here, under the Code, against the petitioner and his sureties.